UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINDA CHAMBERLAIN,

                                   NO. CIV. S-06-1973 LKK/GGH

      Plaintiff,

   v.

                                  O R D E R

MERCK & CO., INC., et al,

      Defendants.

_____/

On July 19, 2006, plaintiff Linda Chamberlain ("plaintiff") filed an action in the Superior Court for the County of Los Angeles against defendants Merck & Co., Inc. ("Merck") and McKesson Corporation ("McKesson") alleging injuries from her use of the prescription drug Vioxx. On September 1, 2006, Merck removed the action to this court based on diversity jurisdiction. Plaintiff now moves to remand, asserting that removal was improper and that this court lacks jurisdiction. Merck moves to stay the action pending its transfer to the Judicial Panel on Multidistrict Litigation ("MDL") proceeding that has been established to deal with the large volume of Vioxx-related cases in federal court.

1

1 **I.**

2 **BACKGROUND**

3    This case is one of hundreds of cases regarding Vioxx.  On

4 February 16, 2005, the Judicial Panel on Multidistrict Litigation

5 ("JPML") consolidated 148 federal cases involving Vioxx and

6 transferred them to the Eastern District of Louisiana.

7 In Re Vioxx Products Liability Litigation, 360 F.Supp.2d 1352

8 (J.P.M.L 2005).  The MDL panel also held that around 300 related

9 actions in multiple federal districts "will be treated as potential

10 tag-along cases." Id. at 1352 n. 1.

11    Merck asserts, and plaintiff does not dispute, that it

12 provided notice to the MDL panel of this action on September 5,

13 2006.  Merck expects a conditional transfer order to be issued by

14 the Panel within the next few weeks.  See Def.'s Mot. to Stay at

15 4.  Since the first transfer order was issued on February 16, 2005,

16 more than 2,500 cases have been transferred to or filed directly

17 to the MDL Vioxx proceedings.  Id. at 4.

18 **II.**

19 **ANALYSIS**

20    The power to stay proceedings in the interest of judicial

21 economy is an inherent power left to the discretion of the court.

22 Landis v. North Am. Co., 299 U.S. 248, 254 (1936).  In cases

23 involving similar jurisdictional questions, deference to the MDL

24 proceeding is often appropriate when "the motion raises issues

25 likely to arise in other actions pending in [the consolidated

26 action]." Conroy v. Fresh Del Monte Produce Inc., 325 F.Supp.2d

1  1049, 1053 (N.D. Cal. 2004).

2       Here, Merck asserts that removal is proper because defendant

3  McKesson, whose presence defeats diversity jurisdiction, was

4  fraudulently joined. See Def. Notice of Removal at 7.  The question

5  of whether McKesson was fraudulently joined is not unique to the

6  pending case. See,e.g., Lame Bull v. Merck & Co., et al, No. 05-

7  2465, slip op. (E.D. Cal. January 24, 2006 (J. Karlton)(staying

8  case to allow remand to be decided by MDL judge) Purcell v. Merck

9  & Co., et al, No. 05-0443, slip op. (S.D. Cal. June 6, 2005)

10  (same);  Johnson v. Merck & Co., No. C 05-02881, slip op. at *2

11  (N.D. Cal. Oct. 3, 2005) (same); Love v. Merck & Co., No. 05-2140

12  (E.D. Cal. filed Oct. 24, 2005) (McKesson named as a defendant but

13  case transferred before motion to remand was filed); Lagden v.

14  Merck & Co., No. 05-0656 (E.D. Cal. filed Apr. 4, 2005) (same).

15       Given the number of cases that present this exact

16  jurisdictional question and given the growing number of Vioxx cases

17  being transferred to the MDL proceeding in the Eastern District of

18  Louisiana, this court follows the many other district courts in

19  California in finding that the interest of judicial economy favors

20  staying this action pending its transfer to the MDL proceeding.

21  For these reasons, the court hereby ORDERS that:

22       1.  Defendant Merck's motion to stay is GRANTED;

23       2.  Plaintiff's motion to remand is DENIED;

24       3.  Oral argument on the motion, currently set for November

25  13, 2006, is VACATED;

26       4.  The status conference also set for November 13, 2006 at

1          3:30 p.m is VACATED; and

2      5.   Upon entry of this order, further proceedings in this

3 action shall be STAYED, pending transfer of the action to MDL

4 Proceeding No. 1657 in the Eastern District of Louisiana.

5      IT IS SO ORDERED.

6      DATED:  November 3, 2006.

7

8

9                          _____
                           LAWRENCE K. KARLTON
10                          SENIOR JUDGE
                           UNITED STATES DISTRICT COURT
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26